IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Petitioner,

    v.

JEFFREY P. HEIST,

                              Respondent.

OPINION and ORDER

18-cv-956-jdp

---

Jeffrey P. Heist is a pro se respondent in an action brought by the United States to enforce an Internal Revenue Service summons requiring him to turn over records as part of an investigation into his tax liability. I issued an order requiring Heist to show cause why he should not be compelled to comply with the summons, Dkt. 3, and held a hearing on the matter on January 15, 2019, Dkt. 12. Although Heist filed numerous documents in response to the order to show cause, *see* Dkts. 5–11, he did not appear at the hearing, nor did his filings raise any legitimate opposition to the summons.

I enforced the summons on January 16, 2019. Dkt. 14. Heist has since filed numerous documents objecting to my decision and asserting counterclaims for damages against me and officials from the United States Attorney's office and the Internal Revenue Service. *See* Dkts. 16–19; 22–24. He also seeks to discover the identity of the pseudonymous IRS agent who has been investigating his case, Dkt. 20 (which I directed the clerk's office not to sign pending my review of Heist's filings, Dkt. 21).

Heist's objections, counterclaims, and subpoena request are all entirely without merit. His claims against me and other government officials are barred by sovereign immunity, so I will dismiss them for lack of subject matter jurisdiction.

ANALYSIS

The thrust of Heist's filings and proposed counterclaims is that the government lacks authority to compel him to comply with an IRS summons. His arguments derive from "sovereign citizen" theories that have been rejected repeatedly by the courts as frivolous and a waste of court resources. *See Bey v. State*, 847 F.3d 559, 559–60 (7th Cir. 2017) (collecting cases); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting more cases). I make three basic points in this order: (1) Heist is not exempt from federal tax laws; (2) my order enforcing the IRS summons against him was properly entered; and (3) his counterclaims must be dismissed.

First, "[l]aws of the United States apply to all persons within its borders." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). The government is constitutionally and statutorily authorized to assess and collect taxes on the income of United States citizens, from whatever source derived. *See* U.S. Const. art. I, § 8; *id.* amend XVI; 26 U.S.C. § 1. Heist denies that he is a "citizen of the United States as understood and conceived at the time that the 14th Article of Amendment was made to the Constitution of the United States of America," Dkt 6, ¶ 10, but the law is unambiguous that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. The theories Heist presents should be rejected summarily, however they are presented." *Benabe*, 654 F.3d at 767.

Second, I enforced the IRS summons against Heist because the government made the necessary showing and Heist raised no legally meritorious objections in response. "Summons enforcement proceedings are intended to be summary in nature." *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1226 (7th Cir. 1997) (citations and internal quotation marks

omitted). In order to obtain enforcement of a summons, the government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought may be relevant to the investigation; (3) the information is not already in the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57–58 (1964). "The *Powell* requirements impose only a minimal burden on the agency" and "can usually be satisfied by an affidavit that the government has met them." *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) (citations omitted). That was the case here. *See* Dkt. 2 (declaration of Cheryl Mann). Once the government made this *prima facie* showing, Heist faced a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, 187 F.3d at 759 (quoting *Miller v. United States*, 150 F.3d 755, 759 (7th Cir. 1999)). He made neither showing, so enforcement of the summons was proper.

Third, Heist's asserted counterclaims for money damages against me, officials from the office of the United States Attorney, and officials from the Internal Revenue Service are not properly before the court and must be dismissed. A court may dismiss a case *sua sponte*, or on its own initiative, when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added)); *see also Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules.").

I lack subject matter jurisdiction over Heist's counterclaims because they are barred by the doctrine of sovereign immunity, which mandates that the United States cannot be made subject to suit without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Such consent is conveyed through congressional action, which "expressly and unequivocally" waives the government's sovereign immunity. *Sossamon v. Texas*, 563 U.S. 277, 290 (2011). The burden of showing that the United States has expressly and unequivocally waived its sovereign immunity falls on Heist. *Muegge v. United States*, No. IP 97-771-c-h/g, 1997 WL834805, at *1 (S.D. Ind. Sept. 23, 1997) (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert denied*, 487 U.S. 1204 (1988)) (dismissing for lack of subject matter jurisdiction plaintiff's claims against an IRS agent for harassment). Heist has failed to carry that burden here. Nor do I see any possible grounds on which federal jurisdiction could be proper, such as through a Federal Tort Claims Act or individual capacity *Bivens* action. *See, e.g.*, 28 U.S.C. § 2680(c) (Federal Tort Claims Act specifically excludes "any claim arising in respect of the assessment or collection of any tax"); *Haas v. Schalow*, 172 F.3d 53 (7th Cir. 1998) ("Congress has created an exclusive, comprehensive administrative scheme created to resolve tax-related disputes, and the provision of this statutory scheme precludes a *Bivens* claim" against IRS officials in their individual capacities).

Because this court lacks subject matter jurisdiction, Heist's counterclaims must be dismissed, as many courts have done with similar claims. *See, e.g.*, *United States v. Morton*, No. 1:16-MC-84, 2016 WL 8198848, at *2 (W.D. Mich. Nov. 28, 2016), *report and recommendation approved*, No. 1:16-MC-84, 2017 WL 74075 (W.D. Mich. Jan. 9, 2017) (counterclaims asserted against IRS agent were barred by sovereign immunity and dismissed for lack of subject matter jurisdiction); *Rodgers v. United States*, No. 1:08-cv-030pps, 2008 WL2074142, at *2–3

(N.D. Ind. May 13, 2008) (claims against judge and assistant United States attorney were barred by sovereign immunity and dismissed for lack of subject matter jurisdiction).

The court would typically afford a pro se litigant notice and an opportunity to respond before dismissing claims. But Heist's allegations are "wholly insubstantial and frivolous" so no such notice and opportunity is warranted. *See Ricketts*, 874 F.2d at 1182 (quoting *Bell v. Hood*, 327 U.S. 678, 680 (1946)) (discussing when courts must provide notice and an opportunity to respond before dismissing a complaint *sua sponte*). The court will not entertain any further counterclaim-related filings from Heist in this matter.

## ORDER

IT IS ORDERED that respondent Jeffrey P. Heist's counterclaims, Dkt. 7 and Dkt. 17, are DISMISSED for lack of subject matter jurisdiction, along with the documents he has filed in support of those counterclaims, Dkts. 8, 10–11, 15, 18–20, 22–24.

Entered February 6, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge