**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Jeffrey Paul Heist, | No. 18-cv-956 |
| Counter Plaintiff, | |
| v. | **Order of Contempt of Court** |
| Scott C. Blader | **And** |
| Richard D. Humphrey, | **Opinion** |
| "Cheryl Mann", | |
| And | |
| James D. Peterson | |
| Counter Defendants. | |

THE HEIST COURT hereby adjudicates and holds James D. Peterson ("Peterson") in contempt of its Writ of Prohibition[1] ordering him to cease and desist any conduct in his official capacity that would further interfere with the proper administration of justice in this Court and ORDERS Peterson to pay Jeffrey Paul Heist the sum of $5,000 for contempt within 30 days of the date of this order.

*Statement of Facts*

1. The HEIST Court issued a Writ of Prohibition ("Writ") directed to Peterson on February 5, 2019 upon a void and unauthorized order issued to the Clerk of Court directing him not to perform a ministerial duty as requested.

2. The Writ established from the facts of the record that Peterson exercised power of the Court against the rights of Jeffrey Paul Heist and without facts to overcome the admissible evidence in the record that the Court lacked jurisdiction to enforce an illegal summons.

---
[1] Doc. No. 23

3. The Writ made clear that any further conduct that would interfere with the proper administration of justice in the HEIST Court would be charged with the remedial amount of $5,000.

4. On February 6, 2019, Peterson issued a **VOID** order[2] dismissing the action at law against the named constitutional tortfeasors and has interfered with the administration of justice in this action at law proceeding according to the common law.

5. Peterson is without judicial capacity in this court of record as so decreed[3] in the law of the case and in the Amended Counter Claim[4], ¶ 2, and ¶ 3.

6. Federal Rules of Civil Procedure are notwithstanding to the extent of any non-conformance with the course of proceedings at common law. Amended Counter Claim[5], ¶ 5

7. Jeffrey Paul Heist as One of the People cannot be nonsuited in any action wherein himself is the sole plaintiff. Declared Law and Definitions for the Case[6], ¶ 16.

8. There are no facts or pleadings of record upon which Jeffrey Paul Heist can be nonsuited.

*OPINION*

**I. This Court has subject matter jurisdiction over the Amended Counter Claim as an action at common law under Article III of the Constitution for the United States of America and *Bivens*[7].**

Upon assumption that this inferior court has judicial power of the United States under Article III, the Constitution declares that the judicial power of the United States shall extend to all controversies at common law.

> "By cases and controversies are intended the claims of litigants brought before the courts for determination by such regular

---

[2] Doc. No. 25
[3] Doc. No. 10-1
[4] Doc. No. 17
[5] Doc. No. 17
[6] Doc. No. 10-1
[7] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U. S. 388 (1971)

>proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs." *Muskrat v United States*, 219 U.S. 346, 357 (1911).

The Amended Counter Claim makes a *prima facie* showing that Jeffrey Paul Heist was injured by the alleged illegal conduct of each named Wrongdoer by each count of trespass on the case as charged against certain of Jeffrey Paul Heist's unalienable rights. Jeffrey Paul Heist therefore has standing in this court for the enforcement of his rights and for redress and punishment of the wrongs in his action at common law in the nature of constitutional tort. Damages sought for redress of injury are an object of this action at common law and criminal liability punitive damages can be imposed under 18 U.S.C. § 242 and § 241.

>"[A]s with civil liability under § 1983 or Bivens, all that can usefully be said about criminal liability under [18 U.S.C.] § 242 is that it may be imposed for deprivation of a constitutional right if, but only if, 'in the light of preexisting law the unlawfulness [under the Constitution is] apparent.'" *United States v. Lanier*, 117 S. Ct. 1219, 1228 (1997) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone, Realtors* v. *Village of Bellwood,* 441 U. S. 91, 99 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," *Simon* v. *Eastern Kentucky Welfare Rights Org.,* 426 U. S. 26, 38, 41 (1976).

>"Article III of the Constitution limits the federal judicial power to 'Cases' or 'Controversies,' thereby entailing as an 'irreducible minimum' that there be (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *United Food and Commercial Workers Union Local 751 v. Brown Group*, Inc., 116 S. Ct. 1529, 1533 (1996) (citations omitted)

As every cause of action in the Amended Counter Claim was brought under a trespass of an unalienable right by an agent of the federal government against a guaranteed protection of said right provisioned by the Constitution and a breach of each respective Wrongdoer's duty under

3

solemn oath to support the Constitution, damages for the redress and punishment of wrongs are not only actionable under common law but also actionable against a man or woman acting in purported agency of the federal government under the implied cause of action adopted by the Supreme Court under *Bivens* and other Supreme Court cases and authority cited below.

**II.    There are no facts of the original case where Jeffery Paul Heist was the respondent to establish the legislative jurisdiction of Congress over Jeffrey Paul Heist, his property, or any activity that that he engages as a matter of common right.**

Peterson attempts to set up a syllogism in three enumerated points to justify his illegal act of judicial enforcement of an illegal IRS Summons in order to conclude some purported power to nonsuit Jeffrey Paul Heist's action at common law.  While it is a matter of unrebutted fact and argument in the record that the government lacked authority to compel Jeffery Paul Heist to comply with the illegal IRS summons, Peterson resorts to logical fallacy and misrepresentation of case law to establish jurisdiction against the facts of the record.   Peterson first makes a strawman argument that Jeffrey Paul Heist has arguments that derive from "sovereign citizen" theories.  Peterson neither cited to such argument in the record nor will such argument be found in the record.  Also absent from the record is admissible evidence of the facts that would bring Jeffrey Paul Heist, his property, or  any activity in which he engages as a matter of common right under the legislative jurisdiction of Congress by any enumerated power under the Constitution, Article 1, § 8. But instead of applying Constitutional law to facts, Peterson concludes law without facts.

First, Peterson purports as authority of the 7th Circuit, the *obiter dictum* that the laws of the United States apply to all persons within its borders.  This cannot if the borders of the United States mean to include the land territories of the several States to the Union; else there is no sovereignty of any one of the several States of the Union vested in its People with respect to the federal government.  Congress has legislative power on par with any one of the several States

4

only where it has exclusive legislative jurisdiction. Const. Art. I, § 8, Cl 17. But Congress has only certain enumerated legislative powers under Art. I. §8 within the territorial boundaries of any one of the several States that relate to subject matter jurisdiction and not personal jurisdiction. Before any law of the United States may be applied within the several States, there must be facts upon which to establish the subject matter jurisdiction by an expressed power granted under Article 1, § 8. No set of such facts have been established on the record. And those facts and declarations made by the Heist Affidavit preclude such jurisdiction and further stand as unrebutted truth.

The power of the federal government to collect taxes within the several States of the Union has never been questioned or challenged by Jeffery Paul Heist. Its federal taxation power is plenary and its mode of imposition constitutionally regulated within the several States of the Union. Peterson makes his first point that Jeffrey Paul Heist is not exempt from federal tax laws but fails to identify the facts and the specific federal law from the record to make such a conclusion. While there is truth to Peterson's assertion that the federal government can constitutionally and statutorily tax income from whatever source derived, he carefully does not state that the income subject to a federal tax must be in the nature of a federally excisable activity as held by the Supreme Court of the United States. Heist Affidavit[8], ¶ 51. State or Federal citizenship is irrelevant to federal taxation in respect of the federal power to tax but Peterson wants to connect Jeffrey Paul Heist with some ludicrous "movement" by making issue of a declaration made by Jeffrey Paul Heist relative to his statement of citizenship. Heist Affidavit, ¶ 10. If there is any issue of fact or law to tender in respect of the charges against Peterson in respect of citizenship, they must be made by a responsive common law pleading.

Peterson asserts that purported authority that a *Bivens* action is precluded by the Supreme

---

[8] Doc. No. 6 and Doc. No. 8 and Doc. No. 17.

5

Court when Congress has indicated that a parallel remedy is exclusive. But he failed to cite the specific federal law providing the specific remedy that is parallel and exclusive.

Every remedy by Congress in relationship to federal taxation is exclusive to persons who have the legal status as a "taxpayer". Jeffrey Paul Heist declares facts that preclude bestowing said legal status upon him. *See* Heist's Affidavit of Status and Standing. There are no facts entered as admissible evidence upon which to conclude the legal status of "taxpayer" as a matter of law upon Jeffrey Paul Heist as the term is so defined under 26 U.S.C. § 1313(b) for application of the income tax under Subtitle A. Absent a showing of the adequate statutory remedy exclusive to a man without the legal status as a "taxpayer", a *Bivens* remedy is implied. But the courts do not have to create a remedy because it has always existed in an action at common law. So, were *Bivens* might fail, common law trespass on the case of rights affords damages for liability as charged in an action at common law.

Second, Peterson nakedly asserts that he enforced the IRS summons against Heist because the government made the necessary showing. Peterson also nakedly asserts that Jeffrey Paul Heist raised no legally meritorious objections in response. Any reasonable trier of fact upon review of the record would find that this is falsification of the record; a complete cognitive dissonance to his duty in the capacity as a judge and the reality of his treason to the constitution that he is under solemn oath to support. These naked assertions purported as avoidance to the liability for charges of trespass are matters to support by fact in a responsive pleading to the charges made against him in the Amended Counter Claim and can serve no basis upon which Jeffrey Paul Heist may be nonsuited.

**III.   The Doctrine of Sovereign Immunity does not bar Jeffrey Paul Heist's charges of trespass against each named Wrongdoer in their full capacity as a man or woman.**

While sovereign immunity may be an attempt to avoid the liability of trespass as charged, it

must be affirmatively asserted by fact in a responsive common law pleading. It cannot be the grounds to nonsuit Jeffrey Paul Heist. But the problem with the Doctrine's application in avoidance of the liability to Jeffrey Paul Heist's causes of action is that no "sovereign" has been charged with trespass. Each Wrongdoer was charged in their full capacity as a man or woman, not in their official capacity as an agent to a "sovereign". In tort cases, damages claims can be brought against individual government officers, though not against the government itself.[9] In *Little v Barreme*[10], an award of damages in an action against a U.S. naval officer for interdicting a vessel coming *from* a French port (when the statute only authorized seizure of vessels going *to* such ports) was upheld on the theory the officer had no defense to damages if his actions were in violation of the law, even if they were pursuant to presidential order. *Bivens*[11] further solidifies a cause of action to remedy a constitutional violation.

> "But the exemption of the United States from judicial process [doctrine of sovereign immunity] does not protect their officers and agents, civil or military, in time of peace, from being personally liable to an action of tort by a private person whose rights of property they have wrongfully invaded or injured, even by authority of the United States." *Belknap v. Schild*, 161 US 10, 18 (1896) citing *Little* v. *Barreme,* 2 Cranch, 169 (1804); *Bates* v. *Clark,* 95 U.S. 204 (1877)

### IV. Peterson is without authority in this action proceeding in the course of the common law and is without authority under Fed. R. Civ. Proc to nonsuit Jeffrey Paul Heist.

Peterson has demonstrated as a matter of record that he is not fit to hold a judicial office of the United States as he is a trespasser of the Constitution and as he is in breach of his duty to support the Constitution and has further demonstrated that he is incapable of impartial

---

[9] Such liability was consistent with the defense of the Constitution in the Federalist Papers. See THE FEDERALIST No. 70, at 391 (Alexander Hamilton) (Clinton Rossiter ed., 1999) (discussing executive power and asserting that "in a republic... every magistrate [i.e. executive officer] ought to be personally responsible for his behavior in office"). For further discussion of the common law background of government responsibility in tort and the role of officer suits, see David E. Engdahl, Immunity and Accountability for Positive Governmental Wrongs, 44 U. COLO. L. REV. I, 12-21 (1972), at 14-21; see also Edwin M. Borchard, Government Liability in Tort, 34 YALE LJ. 1 (1924); Edwin M. Borchard, Government Responsibility in Tort, 36 YALE LJ. 1 (1926).
[10] *Little v Barreme*, 6 U.S. 170, 177-179 (1804).
[11] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U. S. 388 (1971)

7

administration of justice. Jeffrey Paul Heist instanced his Court to proceed in a court of record according to the course of the common law. The Amended Counter Claim suspended the judicial capacity of any judge assigned to this case who would normally be designated to hold the court as the judicial tribunal. Amended Counter Claim, ¶ 2. This fact in the allocation of the exercise of judicial power is based upon the historic attributes defining a court of record has not been put at issue in a responsive pleading. Peterson had no power in any ministerial capacity to nonsuit Jeffery Paul Heist. A nonsuit results from letting the suit or action fall or from renunciation of it by the Plaintiff or Demandant, most commonly upon discovery of some error or defect, when the matter is so far proceeded in, as the Jury is ready at bar to deliver their verdict. Declared Law and Definitions for the Case, ¶ 10. Jeffrey Paul Heist has not let his action fall and no discovery of some error or defect has been realized because no responsive pleading has been made. Any purported "discovery" that Peterson asserts is frivolous as will be discussed.

Federal Rules of Civil Procedure are notwithstanding to the extent of non-conformance with an action proceeding in the course of the common law. Amended Counter Claim, ¶ 5. Fed. R. Civ. P. Rule 12(b)(1) only conforms to proceedings in the course of the common law in the nature of a responsive pleading demurring to each of the causes of action as being without the subject-matter jurisdiction of the court. The responsive pleading in the civil rules related to 12(b)(1) is in the form of a motion pleading to facts that the court lacks subject-matter jurisdiction. No responsive pleading has been made to the Amended Counter Claim and therefore, there are no facts upon the record upon which to grant judgment on demur of subject-matter jurisdiction to the Claims as averred. Not only has Peterson acted as the judicial tribunal, but he asserts that this Court lacks subject matter jurisdiction on the grounds that the action is barred by sovereign immunity. But the Doctrine of Sovereign Immunity is wholly without

application as discussed above. The grounds to demur upon sovereign immunity are non-existent. The grounds upon which to dismiss this action are non-existent under Fed. R. Civ. P. Rule 12(b)(1). Peterson has created grounds for another charge of trespass upon Jeffrey Paul Heist's protected right to due process of law under the 5th Amendment.

**V.    The judgment Nonsuiting Jeffrey Paul Heist is Declared Void.**

On authority of the Supreme Court and for cause cited herein, the Judgment[12] entered by Peterson is declared as void[13] as one so affected by fundamental infirmity in the abrogation of due process and equal protection of the common law as guaranteed and protected under the 5th Amendment.

Dated on this 7th day of February, 2019.

    SO ADJUDICATED and ORDERED.

    FOR THE HEIST COURT,

SEAL (Right Thumb Print - Red Ink)



    Jeffrey Paul Heist
    One of the People

---

[12] Doc. No. 26

[13] "A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id.,* at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id.,* § 12." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010)