SHORT RECORD
NO. 19-1482
FILED 3/18/2019

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**



| | |
|---|---|
| In re Jeffrey Paul Heist, in his capacity as One of the People,<br><br><br><br>Petitioner. | No. 2019-_____<br><br>[3:18-cv-00956-jdp] |

*Petition for a Writ of Prohibition/Mandamus
And
Declaration*

To

**The United States District Court**

**for the Western District of Wisconsin**

And

*Motion for Stay of District Court Proceedings Pending Disposition of Petition*

Jeffrey Paul Heist, Petitioner
*sui juris*
315 S. High Ave.
Jefferson, Wisconsin 53549
Telephone: 920-220-1150
jeff.usalarms@yahoo.com

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................................... I

    *Statement of the Case* ............................................................................................................. 1

    *Statement of Relief Sought* ..................................................................................................... 5

    *Statement of the Issues Presented for Review* ....................................................................... 6

I.   CAN AN INFERIOR FEDERAL COURT OF LIMITED JURISDICTION EXERCISE THE JUDICIAL POWER OF THE UNITED STATES WHEN THE ELEMENTAL FACTS ESTABLISHING ITS COMPETENCY AND SUBJECT MATTER JURISDICTION WERE NOT SUFFICIENTLY ALLEGED? ............................................................................................................. 6

II.   CAN SAID COURT PROCEED TO EXERCISE JUDICIAL POWER AFTER A CHALLENGE WAS MADE AS TO ITS COMPETENCY AND TO ITS SUBJECT MATTER JURISDICTION BY NEGATION FROM ADMISSIBLE EVIDENCE ON THE RECORD, BY CHALLENGE MADE TO THE SUFFICIENCY AND TRUTH OF THE FACTS AS ALLEGED; AND BY A WANT IN THE RECORD OF OPPOSITION AND REBUTTAL BY PREPONDERANCE OF ADMISSIBLE EVIDENCE TO OVERCOME THE LEGAL PRESUMPTION THAT THE CAUSE LIES OUTSIDE OF THE COURT'S LIMITED JURISDICTION? ............................... 6

    *Statement of Facts and Points of Law* .................................................................................... 6

    *Anatomy of this Action in Law* .............................................................................................. 8

    *Reasons for the Relief Sought* .............................................................................................. 11

## Table of Authorities

### CASES

*Marshall v Jerrico Inc.*, 446 US 238, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980) ........................ 11
*Powell v. Alabama*, 287 US 45 (1932) ........................................................................................ 12

### RULES

Fed. R. Civ. P. Rule 45(3) ............................................................................................................. 5

### REGULATIONS

27 C.F.R., Part 70 ......................................................................................................................... 8

### CONSTITUTIONAL PROVISIONS

4th Amendment .................................................................................................................... 11, 13
5th Amendment .................................................................................................................... 11, 12
Article 1, § 8 ........................................................................................................................... 7, 10
Article 1, § 8, cl 18 ........................................................................................................................ 7
Article III ................................................................................................................................ 6, 11
Bill of Rights .............................................................................................................................. 11

### UNITED STATES CODE

26 U.S.C. § 7402(a) ..................................................................................................................... 9
26 U.S.C. § 7602 ........................................................................................................................ 10
26 U.S.C. § 7603 ........................................................................................................................ 10
Subtitle A, Part 1 of the Internal Revenue Code ............................................................. 1, 7, 8, 11
Treasury under 31 U.S.C., Subtitle I ............................................................................................ 8

### STATUTES AT LARGE

1 Stat. 73 ...................................................................................................................................... 8

### LEGAL DICTIONARIES

Black's Law Dictionary, 6th Ed., pg. 500. – Due Process .......................................................... 11

## Statement of the Case

In this extraordinary case, <u>The United States of America</u> ("Plaintiff") brought an action against the Petitioner to enforce an administrative summons to examine the books and take testimony of the Petitioner in respect of subject matter under Subtitle A, Part 1 of the Internal Revenue Code ("IRC"). Petitioner had refused upon service of the administrative summons to disclose private financial information *inter alia* without a warrant issued by a court of competent jurisdiction upon oath of probable cause of the facts to establish legislative jurisdiction of a congress over the Petitioner, his property, or any activity in which he engaged. The administrative summons failed to state the specific section under Subtitle A, Part 1 of the IRC imposing a duty upon the Petitioner to return a federal tax on any payments made to him necessary to establish a liability upon which an examination of books may be made without a judicial directive.

The Plaintiff filed a petition[1] on behalf of its purported agency, the Internal Revenue Service ("IRS"), by the United States Attorney and Assistant United States Attorney. The lower court issued an Order[2] to Show Cause why the Petitioner should not be compelled to comply with the IRS summons. The Petitioner specially appeared by writing with his Response to Order to Show Cause[3] asserting facts under testimony[4] by sworn oath establishing that the lower court could not compel the Petitioner because it had no jurisdiction to proceed further in the action. No rebuttal or opposition was entered against the Petitioner's factual challenge to the lower court jurisdiction. The Petitioner filed a counter claim[5] and summons against the United States Attorney, Assistant United States Attorney, and the Revenue Officer in their personal capacities alleging multiple counts of constitutional tort and breaches of duty under their official oaths of

---

[1] Doc. No. 1
[2] Doc. No. 3
[3] Doc. No. 5
[4] Affidavit of Status and Standing, Doc. No. 6, Doc. No. 8
[5] Doc. No. 7


office. The Petitioner's Counter Claim invoked his actions at common law in a court of record[6] to proceed according to the course of the common law, necessarily suspending Judge Peterson from the exercise of lower court power in a judicial capacity. The Petitioner filed Notice of Withdrawal of Consent[7] to participate further in any proceedings unless and until the Plaintiff served and filed admissible evidence to establish every fact element necessary to the limited subject matter jurisdiction of the lower court against the Petitioner's challenge by admissible evidence precluding jurisdiction. The lower court under Judge Peterson issued the Order[8] to Enforce the Summons without findings of fact and conclusions of law that the limited subject matter jurisdiction had been established. The Petitioner filed Objection[9] and Exception to Order and gave Notice of Personal Liability to district Judge Peterson in exercising power of the court against Petitioner's unalienable rights without preponderance of admissible evidence on the record establishing jurisdiction. The Petitioner filed Notice of Intent to Disregard Void Order[10]. Petitioner filed his Amended Counter Claim[11] to further include charges of trespass against James D. Peterson in his personal capacity. The Petitioner made a request to the Clerk of Court to sign a subpoena for the purpose of prosecuting his Counter Claim. The Clerk of Court refused to sign the subpoena. Judge Peterson issued an Order[12] for the Clerk of Court to not issue a signed subpoena. The lower court under Heist issued a Peremptory Writ of Mandamus[13] to the Clerk of Court directing him to perform his ministerial duty to sign the subpoena as requested by

---

[6] COURT OF RECORD. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it; Proceeding according to the course of common law. *Jones v. Jones*, 188 Mo.App. 220, 175 S.W. 227, 229; *Ex parte Gladhill*, 8 Metc. Mass., 171, per Shaw, C.J. See, also, *Ledwith v. Rosalsky*, 244 N.Y. 406, 155 N.E. 688, 689. Black's Law Dictionary, 4th Ed., 425, 426.
[7] Doc. No. 9
[8] Doc. No. 14
[9] Doc. No. 15
[10] Doc. No. 16
[11] Doc. No. 17
[12] Doc. No. 21
[13] Doc. No. 22

the Petitioner upon his refusal to perform said ministerial act. The lower court under Heist issued a Writ of Prohibition[14] ordering and directing Judge Peterson to cease and desist any conduct in his official capacity as an officer of the court in the matter related to the Petitioner's Amended Counter Claim wherein Judge Peterson was a named defendant — further noticing that any further conduct in his official capacity to interfere with the proper administration of justice in the lower court held by Heist will be civil contempt of court in the remedial amount of $5,000 per occurrence. Judge Peterson issued an Order[15] dismissing the Petitioner's Amended Counter Claim on the grounds that the lower court lacked subject matter jurisdiction because the Petitioner's counter claims were barred by the Doctrine of Sovereign Immunity. Judgment[16] was entered dismissing the Petitioner's Amended Counter Claims. The lower court under Heist issued an Order of Contempt and Opinion[17] against Judge Peterson for conduct interfering with the proper administration of justice and establishing *inter alia* in fact and authority of the Supreme Court that the lower court did have subject matter jurisdiction over Petitioner's Amended Counter Claims and that the Doctrine of Sovereign immunity was inapplicable when an officer of the United States was sued in their personal capacity. The lower court under Heist issued a Declaration of Void Judgment[18] upon authority of the Supreme Court of a *prima facie* case for subject matter jurisdiction. The lower court under Heist entered Judgment[19] (*nil dicit*) against each named defendant upon failure to plead to the charges against them in the Amended Counter Claim within the specified time as established in the summons.

The Plaintiff filed another petition[20] for order to show cause why the Petitioner should not

---

[14] Doc. No. 23
[15] Doc. No. 26
[16] Doc. No. 29
[17] Doc. No. 27
[18] Doc. No. 28
[19] Doc. No. 29
[20] Doc. No. 31

be held in contempt for not appearing for examination of his books under the void Order[21]. Petitioner filed Objection to Petition for Order of Contempt[22]. Petitioner filed 2nd Counter Claim[23] against the United States Attorney, Assistant United States Attorney, and the Revenue Officer. The lower court under Judge Peterson issued Order to Show Cause[24] why Petitioner should not be held in civil contempt and confined. Petitioner filed Notice of Conditional Acceptance and Liability[25]. Petitioner filed Declaration of Void Order[26]. Petitioner filed Notice of Intent to Disregard Void Order[27]. Petitioner filed Amended 2nd Counter Claim[28] to include charges against James D. Peterson in his personal capacity.

The Petitioner invokes this Court's supervisory jurisdiction over the lower court under Judge Peterson.

---

[21] Doc. No. 14
[22] Doc. No. 33
[23] Doc. No. 34
[24] Doc. No. 35
[25] Doc. No. 36
[26] Doc. No. 37
[27] Doc. No. 38
[28] Doc. No. 39

## Statement of Relief Sought

1. The Petitioner requests that this Court issue a **Writ of Prohibition** to the lower court under Judge Peterson directing to cease and desist all exercise of judicial power by the lower court under Judge Peterson unless and until the legal presumption against the limited jurisdiction of the lower court under Judge Peterson has been overcome by a preponderance of admissible evidence in favor of its limited jurisdiction and admissible evidence that the lower court is competent to exercise judicial power over the subject matter jurisdiction brought by the Plaintiff in the instance of <u>The United States of America</u>, admissible evidence that the Internal Revenue Service is an agency of <u>The United States of America</u>, and admissible evidence that the Attorney General can appear for any entity not the United States, its political subdivision, its instrumentality, or its agent thereof.

2. The Petitioner requests that this Court issue a **Peremptory Writ of Mandamus** directing the Clerk of the Court below to perform the ministerial duty as mandated by Fed. R. Civ. P. Rule 45(3) to sign the subpoena as requested by the Petitioner.

3. The Petitioner requests a **Declaration** from this Court declaring that every exercise of judicial power by the lower court under Judge Peterson was *ultra vires* for want of jurisdiction affirmatively established by admissible evidence on the record.

4. The Petitioner **Moves** the Court for an Order staying the proceedings of the lower court under Judge Peterson pending the disposition of this Petition.

## Statement of the Issues Presented for Review

I. Can an inferior federal court of limited jurisdiction exercise the judicial power of the United States when the elemental facts establishing its competency and subject matter jurisdiction were not sufficiently alleged?

II. Can said court proceed to exercise judicial power in the case after a challenge was made as to its competency and to its subject matter jurisdiction by negation from admissible evidence on the record, by challenge made to the sufficiency and truth of the facts as alleged; and by a want in the record of opposition and rebuttal by preponderance of admissible evidence to overcome the legal presumption that the cause lies outside of the court's limited jurisdiction?

## Statement of Facts and Points of Law

1. The Petitioner is One of the Posterity of We the People living on land and working within the exterior territorial boundaries of Wisconsin, one of the several States of the Union.

2. The Petitioner performs no service for any public office of the state or federal government.

3. The lower court is presumed to have been established and ordained with the judicial power of the United States under Article III of the Constitution for <u>The United States of America</u> ("Constitution or U.S. Const.").

4. Under Article III, the judicial power extends to all cases in law and equity arising under the Constitution and the laws of the United States,…and to controversies to which the United States shall be a party.

5. The case below arises under the laws of the United States.

6. The United States is not the named instance of the Plaintiff in the civil action commenced in the lower court.

6

7. There was no allegation of fact in the record to embrace the Petitioner, his property, or any activity in which he engages under the legislative jurisdiction of a congress by an enumerated power granted under Article 1, § 8 of the Constitution.

8. Article 1, § 8, cl 18 provides the power [t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.

9. From paragraph 7 and 8, no law to execute the powers enumerated under Article 1, § 8 can be used against the Petitioner absent an allegation of fact to establish the legislative jurisdiction of a congress over the Petitioner, his property, or any activity in which he engaged.

10. There was no allegation of the specific section under Part 1 of Subtitle A of the Internal Revenue Code ("IRC") that imposed a duty upon the Petitioner to return a federal tax on payments made to him.

11. There was no allegation of the specific federal statute or section of Code that imposed a duty upon the Petitioner to disclose his private financial information absent a judicial warrant upon oath of probable cause of facts and law obligating him to disclosure.

12. There was no allegation of fact and federal statute establishing the capacity in which the Plaintiff in the named instance of <u>The United States of America</u> could act without congress assembled.

13. There was no allegation of a federal statute establishing the capacity in which the Plaintiff in the named instance of <u>The United States of America</u> had standing to bring a civil action to have judicial cognizance by the district court of the United States.

14. <u>The United States of America</u> is not an agency, political subdivision, or instrumentality of the United States.

15. The Internal Revenue Service was not created by any enactment of congress.

16. The Internal Revenue Service is not listed within the Department of the Treasury under 31 U.S.C., Subtitle I.

17. The sections of the IRC authorizing examination of books and enforcement of summons are implemented by regulations **only** for subject matter under 27 C.F.R., Part 70.

18. There are no regulations implementing sections of the IRC authorizing examination of books and enforcement of summons for subject matter under Part 1 of Subtitle A of the IRC.

19. The United States Attorney General has only the authority to represent the United States. See Judiciary Act of 1789 (1 Stat. 73).

## Anatomy of this Action in Law

It is a legal maxim that for every wrong, the law provides a remedy. For every wrong, there has been a breach of some duty by the wrongdoer. The injured party (Plaintiff) has the right to remedy for the wrongdoing. A legal fiction who has been wronged must have the capacity and standing to sue by some provision of the legislature. Said legal fiction must bring its cause of action to the court through a duly authorized attorney. The court must be competent to exercise its subject matter jurisdiction. The court must have subject matter jurisdiction over the cause of action to consider the merits of the case necessary for the exercise of judicial power in rendering a decision, order, or judgment in the action. The facts to establish competency and the subject matter jurisdiction must be alleged at commencement of the action, else the civil action be dismissed.

The first threshold for the court is to determine its competency to exercise its limited

subject matter jurisdiction. The court may have subject matter jurisdiction but it may not be competent in exercising judicial power over the matter if the statutory parameters have not been satisfied in the commencement of the action. In this case, there is no statutory provision authorizing the Plaintiff in the named instance of <u>The United States of America</u> to bring an action to a court of the United States. The statute gives judicial cognizance of a civil action to the district courts of the United States only in the instance of the "United States". See 26 U.S.C. § 7402(a). The Statute at Large only authorizes the Attorney General to appear on behalf of the United States. As the Internal Revenue Service was not created by any enactment of congress, it is not an agency or a department of the United States. The Plaintiff's "notice of appearance" in both of its petitions *prima facie* preclude competency of the lower court to exercise its limited subject matter jurisdiction to wit:

> "The United States of America, on behalf of its agency, the Internal Revenue Service, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, by Richard D. Humphrey, Assistant United States Attorney,…"

The petitions did not allege the statute providing that the Plaintiff — in the instance of <u>The United States of America</u> — had statutory standing to bring a civil action; the lower court was *prima facie* incompetent to exercise judicial power over its limited subject matter jurisdiction. The petitions did not allege the statute establishing that the Internal Revenue Service was an agency of the United States. As the Attorney General cannot appear on behalf of any agency not established by congress for the United States, the court was once again *prima facie* incompetent to exercise judicial power over its limited subject matter. The petitions did not allege the statute authorizing the Attorney General to act on behalf of <u>The United States of America</u> without congress assembled, the court was *prima facie* incompetent to exercise judicial power over its limited subject matter.

A civil action must be ultimately founded upon some breach of duty. If the duty is not

9

based in common law, the facts imposing the duty must be alleged. The fact of the breach of the duty must be alleged. If no duty has been established by allegation of fact; no breach can occur; and no cause of action can be prosecuted. The case must be dismissed for failure to state a claim upon which relief may be granted. The Plaintiff failed to first allege the facts that would embrace the Petitioner, his property, or any activity in which he engages within the legislative jurisdiction of a congress under Article 1, § 8 of the Constitution in order to apply any law of the United States upon any fact circumstances related to the Petitioner. Congress has not been granted any *personam* legislative jurisdiction over any One of the People in the several States having no nexus to the state or federal governments. And no enforcement law can be applied by the power granted under Article 1, § 8, cl 18 if there is no set of facts to establish legislative jurisdiction of a congress. Even if the **assumption**[29] was made that some law of the United States embraced the Petitioner, his property, or an activity in which he engaged, the Plaintiff failed to establish the specific law of the United States that imposed a duty upon the Petitioner necessary for an action to prosecute the wrong for the breach of the duty. Even upon the **assumption** of legislative jurisdiction and the **assumption** of a duty imposed, the Plaintiff failed to allege the facts to perfect the authority provided by 26 U.S.C. § 7602 to examine private financial information and § 7603 for enforcement of summons for subject matter purportedly under the IRC, Subtitle A, Part 1. Merely reciting sections of code for authority without alleging every fact element to perfect the recited section of code does not establish jurisdictional facts upon which the court may proceed. If jurisdiction is challenged, it is the burden upon the Plaintiff to establish jurisdiction by admissible evidence, else the case must be dismissed for lack of subject matter jurisdiction.

The Petitioner established for the record <u>sworn</u> testimony of fact and application of law

---

[29] ASSUMPTION. A thing that is accepted as true or as certain to happen, without proof.

that necessarily precludes the competency and subject matter jurisdiction of the lower court under Judge Peterson. Said testimony stands unopposed and unrebutted.

## Reasons for the Relief Sought

As one of the People to whom government serves, the Petitioner's property and privacy rights have been trespassed upon by persons in purported agency of the federal government by intentional and institutional misapplication in the enforcement of the Part 1 of Subtitle A of the IRC as the collection of a Direct Tax without apportionment amongst the several States. In this country under the Rule of Law with the Bill of Rights, the Article III courts have a duty in preserving common law and natural law rights of the People from encroachment and trespass by agents of the federal and state governments. But the lower court under Judge Peterson has allowed the trespass to proceed against the record clearly establishing lack of competency and subject matter jurisdiction of the lower court under Judge Peterson.

The lower court under Judge Peterson has denied the Petitioner the fundamental protections guaranteed to him under the 4th and 5th Amendments.

> "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision making process. See *Carey v. Piphus*, 435 U.S. 247, 259 -262, 266-267 (1978). The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." *Marshall v Jerrico Inc.*, 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980).

> "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. **If any question of fact or liability be conclusively presumed against him, this is not due process of law.**"[30]

The lower court under Judge Peterson failed its first due process duty at the threshold of the case

---

[30] Due Process, Black's Law Dictionary, 6th Ed., pg. 500.

11

to determine court competency necessary to excercise its limited subject matter jurisdiction. The lower court under Judge Peterson failed its second due process duty in determining that — at a minimum — jurisdictional facts for application of the relevant law have been alleged. While the Plaintiff recites the code section for the purported authority for the "proceeding", there is no allegation of the fact elements to perfect the recited authority.

> "Federal courts are courts of limited jurisdiction. **They possess only that power authorized by Constitution and statute**, see Willy v. Coastal Corp., 503 U. S. 131, 136-137 (1992); Bender v. Williamsport Area School Dist. , 475 U. S. 534, 541 (1986), **which is not to be expanded by judicial decree**, American Fire & Casualty Co. v. Finn, 341 U. S. 6 (1951). <u>**It is to be presumed that a cause lies outside this limited jurisdiction**</u>, Turner v. Bank of North-America, 4 Dall. 8, 11 (1799), and **the burden of establishing the contrary rests upon the party asserting jurisdiction**, McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 182-183 (1936)." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 US 375, 377 (1994)

> "It never has been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps **essential to the passing of an enforceable judgment**, and that they, together with a legally **competent tribunal** having **jurisdiction of the case**, constitute basic elements of the constitutional requirement of due process of law."[31] [emphasis added]

And when jurisdiction was challenged at every point by the Petitioner, the lower court under Judge Peterson proceeded with the trespass without establishing findings of fact and conclusions of law establishing the lower court competency and jurisdiction to proceed.

The intentionally obfuscated IRC raises questions of its validity as law under the void for vagueness doctrine. But obfuscated as it is, if certain sections are invoked — upon which the limited jurisdiction of the lower court rests — contain fact elements necessary to establish the jurisdiction of the lower court, those facts must be alleged. And if jurisdiction is challenged, the facts must be established by admissible evidence on the record by the Plaintiff.

The admissible evidence does not exist in the record to overcome the legal presumption that the cause lies outside the limited jurisdiction of the lower court. The lower court under

---

[31] *Powell v. Alabama*, 287 US 45, 68 (1932)

Judge Peterson has failed to impartially and fairly administer the proceedings below as dictated by the due process requirements of the 5th Amendment, the privacy and seizure protections of the 4th Amendment, and the holdings of the Supreme Court. The lower court under Judge Peterson will cause further harm to the Petitioner in its operation outside the bounds of its competency, jurisdiction, and law. Without the supervisory intervention of this Court over the lower court under Judge Peterson, the Petitioner will be harmed for enforcing his rights under common law and authority of the Supreme Court as guaranteed under the 4th and 5th Amendments under Rule of Law.

**WHEREFORE:** For the reasons so stated, granting the relief sought is warranted and required for maintenance of the integrity of the judiciary and protection of the Petitioner from further harm by the lower court under Judge Peterson.

Dated this 12th day of March, 2019     _Jeffrey Paul Heist_

                                                                   Jeffrey Paul Heist

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 21(d)(1)

I certify that the foregoing Petition complies with the word count limitation set forth under F.R.A.P. Rule 21(d)(1).

By: _____
                              Jeffrey Paul Heist

## CERTIFICATE OF SERVICE

I certify that — concurrent with the date upon which paper copies of the Petition and the Excerpts of the Record were mailed to the Clerk of Court for the 7th Circuit Court of Appeals — I electronically filed the same in the court and case below and that all parties, including the trial judge, have been electronically noticed and have access to the documents as filed.

By: _____
     *Jeffrey Paul Heist*
     Jeffrey Paul Heist